1

2

3

4                                  UNITED STATES DISTRICT COURT

5                                NORTHERN DISTRICT OF CALIFORNIA

6

7    THE REGENTS OF THE UNIVERSITY OF              Case No.  12-cv-00048-JST
     CALIFORNIA,

8              Plaintiff,

9         v.                                       **ORDER DENYING REQUEST TO
                                                   RETAIN JURISDICTION OVER
10   INTERNATIONAL MEDICAL GROUP,                  SETTLEMENT AGREEMENT**
     INC,
                                                   Re: Dkt. No. 52
11             Defendant.

12

13        Before the Court is the stipulation between the parties dismissing this action with prejudice

14   pursuant to Federal Rule of Civil Procedure 41(a)(2) and requesting that the Court retain

15   jurisdiction over the parties' settlement agreement.  ECF No. 52.

16        "[A] proceeding to enforce a settlement requires its own basis for jurisdiction, *i.e.*, a

17   district court does not retain 'inherent' or 'ancillary' subject matter jurisdiction to enforce a

18   settlement simply because the dismissal of a federal action served as part of the consideration for

19   the settlement agreement."  Hagestad v. Tragesser, 49 F.3d 1430, 1433 (9th Cir. 1995) (citing

20   Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994)).  Stipulations between the parties

21   requesting that courts retain jurisdiction do not alter this rule.  "[I]t is well-established that

22   litigants cannot confer [subject matter] jurisdiction by consent where none exists."  United States

23   v. Judge, 944 F.2d 523, 525 (9th Cir. 1991), cert. den'd, 504 U.S. 927 (1992) (citing Insurance

24   Corp. of Ireland v. Compagnie des Bauxites, 456 U.S. 694, 701–02 (1982)).  See also Collins v.

25   Thompson, 8 F.3d 657, 659 (9th Cir. 1993) ("A federal court may refuse to exercise continuing

26   jurisdiction even though the parties have agreed to it.  Parties cannot confer jurisdiction by

27   stipulation or consent.").

28        Here, the parties provide no information from which the Court can determine whether there

United States District Court
Northern District of California

1  are any circumstances that justify departure from the presumption against continuing jurisdiction.

2  Accordingly, the Court can only conclude that such circumstances are not present.  The Court

3  therefore DENIES the parties' request that it retain jurisdiction over the settlement agreement.

4       Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and the parties' stipulation, this

5  action is hereby DISMISSED with prejudice.

6       **IT IS SO ORDERED**.

7  Dated: July 9, 2013

8

9  _____

10                 JON S. TIGAR
               United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

2